# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

RAY CHARLES LENOIR                                                                    PETITIONER

v.                                                                                          No. 1:09CV173-M-D

J. J. STREETER, ET AL.                                                                RESPONDENTS

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* prisoner petition of Ray Charles Lenoir for a writ of *habeas corpus* under 28 U.S.C. § 2254. The state has moved to dismiss the petition as untimely filed. Lenoir has not responded, and the deadline for response has expired. For the reasons set forth below, the state's motion to dismiss will be granted and the petition dismissed as untimely filed.

## Facts and Procedural Posture

The petitioner, Ray Charles Lenoir, is in the custody of the Mississippi Department of Corrections and is currently housed at the Marshall County Correctional Facility in Holly Springs, Mississippi. On June 25, 1999, Lenoir pled guilty in the Monroe County Circuit Court to one count each of uttering a forgery and possession of a controlled substance (cocaine). On the same day, Lenoir was sentenced on the forgery charge to serve fifteen years in the custody of the Mississippi Department of Corrections ("MDOC"), with credit for time served, and the balance of this sentence was suspended and followed by five years of post-release supervision. For the possession charge, Lenoir also was ordered to serve fifteen years in MDOC custody, with credit for time served, and the balance of the sentence suspended upon successful completion of the post-release supervision from the forgery charge. The sentence in the forgery charge was to

run consecutively to the sentence in the possession charge and to two prior federal sentences.

By statute, there is no direct appeal from a guilty plea, Miss. Code Ann. § 99-35-101, and Lenoir did not seek one. On June 18, 1999, Lenoir was sentenced in the United States District Court for the Northern District of Mississippi for possession with intent to sell narcotics and receiving stolen property to serve seventy-one months for each charge with said sentences to run concurrently, and five years post-release supervision. In February 2003, Lenoir was released from federal custody and placed on federal supervised release. In May 2003, Lenoir was arrested for possession of cocaine, and on September 26, 2003, the Monroe County Circuit Court revoked his suspended sentences and ordered him to serve the balance of fifteen years for the forgery charge and ten years for the possession charge, for a total of twenty-five years in the custody of the Mississippi Department of Corrections. On November 4, 2004, Lenoir filed a motion in the Monroe County Circuit Court for post-conviction relief seeking to overturn the revocation (signed on October 5, 2004). The circuit court denied the motion without an evidentiary hearing, and Lenoir appealed the decision to the Mississippi Supreme Court. The Court of Appeals reversed and remanded the case to the circuit court to hold an evidentiary hearing. *Lenoir v. State,* 943 So.2d 113 (Miss. App. 2006). After an evidentiary hearing, the circuit court denied Lenoir's motion for post-conviction relief. Lenoir again appealed the circuit court's decision to the Mississippi Supreme Court, and the Mississippi Court of Appeals affirmed the circuit court's denial. *Lenoir v. State,* 4 So.3d 1056 (Miss. App. 2008) *reh'g denied* Dec. 16, 2008, *cert denied* Mar. 19, 2009 (Cause No. 2007-CP-01142-COA).

## One-Year Limitations Period

Decision in this case is governed by 28 U.S.C. § 2244(d), which provides:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U. S.C. § 2244(d)(1) and (2).

Lenoir's conviction became final when his probation was revoked on September 26, 2003. As such, the deadline for filing his federal petition for a writ of *habeas corpus* became September 27, 2004 (because September 26, 2004, fell on a Sunday). Lenoir did not file an application for state post-conviction collateral relief before the one-year deadline; as such, he does not benefit from statutory tolling of the limitations period. *Davis v. Johnson*, 158 F.3d 806 (5th Cir. 1998).

As Lenoir is represented by counsel in this case, the prison mailbox rule does not apply. Thus, Lenoir's federal petition was filed the date it was received and stamped as "filed" in the district court on July 15, 2009 – or 1,752 days after the September 27, 2004, deadline. Lenoir does not allege any "rare and exceptional" circumstance to warrant equitable tolling. *Ott v. Johnson,* 192 F.3d at 513-14. Therefore, Lenoir's petition for a writ of *habeas corpus* will dismissed with prejudice and without evidentiary hearing as untimely filed under 28 U.S.C. § 2244(d). A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED,** this the 8th day of March, 2010.

/s/ MICHAEL P. MILLS
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**